IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| STEVEN D. SIMON, #162708, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO. 2:20-CV-747-RAH-CSC |
| | ) | [WO] |
| WARDEN PATRICE JONES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

\* \* \* \* \* \*

| | | |
|---|---|---|
| STEVEN D. SIMON, #162708, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO. 2:20-CV-850-RAH-CSC |
| | ) | [WO] |
| WARDEN PATRICE JONES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, a state inmate incarcerated at the Bullock Correctional Facility in Union Springs, Alabama, filed this 42 U.S.C. § 1983 complaint on September 16, 2020. After reviewing the complaint and finding deficiencies with this pleading, the court determined Plaintiff should be provided an opportunity to file an amended complaint to correct the deficiencies. On September 21, 2020, the court entered a detailed order explaining the deficiencies in the complaint and providing Plaintiff with specific instructions regarding filing an amended complaint. Doc. 4. The court specifically advised Plaintiff "that this case will proceed only against the defendants named and claims presented in the amended

complaint" and cautioned him that his failure to comply with the directives of the order would result in a Recommendation this case be dismissed. *Id.*

Plaintiff filed an amended complaint on November 4, 2020. *See Simon v. Jones,* Civil Action No. 2:20-CV-850-RAH.[1] Named as defendants to the amended complaint are Captain Carter, Lieutenant Cousin, C. S. Johnson, Warden Patrice Jones, and Warden Lightening. Upon review, the court concludes that Plaintiff's amended complaint against Defendants Carter, Cousin, Jones, and Lightening is due to be dismissed prior to service of process under 28 U.S.C. § 1915A.

## I.  STANDARD OF REVIEW

The Prison Litigation Reform Act, as partially codified at 28 U.S.C. § 1915A, requires this court to screen complaints filed by prisoners against government officers or employees as early as possible in the litigation. The court must dismiss the complaint or any portion thereof that it finds frivolous, malicious, seeks monetary damages from a defendant immune from monetary relief, or which states no claim upon which relief can be granted. 28 U.S.C. §1915A(b)(1) & (2). The court may *sua sponte* dismiss a prisoner's complaint prior to service. *See* 28 U.S.C. § 1915A(a).

Under § 1915A(b)(1) the court may dismiss a claim as "frivolous where it lacks an arguable basis in law or fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal

---

[1] By order entered November 6, 2020, the court consolidated *Simon v. Jones, et al.*, Civil Action No. 2:20-CV-850-RAH-CSC with *Simon v. Jones, et al.*, Civil Action No. 2:20-CV-747-RAH-CSC for all further proceedings. Doc. 7 – Civil Action No. 2:20-CV-747-RAH-CSC.

theories are indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A claim is frivolous as a matter of law where the defendants are immune from suit, *id*. at 327, the claim seeks to enforce a right that clearly does not exist, *id*., or there is an affirmative defense that would defeat the claim, such as the statute of limitations, *Clark v. Georgia Pardons & Paroles Bd*., 915 F.2d 636, 640 n.2 (11th Cir. 1990). Courts are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.

The court may dismiss a complaint, or any portion thereof, under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Dismissal under § 1915A(b)(1) may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A review on this ground is governed by the same standards as dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations should present a "'plain statement' possess[ing]

enough heft to 'show that the pleader is entitled to relief.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. When a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones*, 549 U.S. at 215.

*Pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). However, they "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## II. DISCUSSION

In his amended complaint, Plaintiff alleges Defendant Johnson subjected him to retaliation for his litigation activities, interfered with his ability to receive a special diet despite knowing Plaintiff is a diabetic, and placed him in the same dorm with his enemies. Doc. 2 - Civil Action 2:20-CV-850-RAH-CSC. The order directing Plaintiff to file an amended complaint specifically directed him, *inter alia,* to"[s]pecifically describe[] how each defendant named in the amended complaint acted in a manner that deprived Plaintiff of his constitutional rights. That is, for each individual Plaintiff names as a defendant, he must provide facts to show that particular individual's participation or involvement in his claim." Doc. 4 – Civil Action No. 2:20-CV-747-RAH.  Review of the amended complaint reflects that other than challenging the actions of Defendant Johnson as described herein, Plaintiff makes no allegations of wrongdoing against the remaining defendants. Thus, missing from Plaintiff's contentions is any allegation that Defendants Cousin, Jones,

4

Carter, and Lightening were personally engaged in the alleged unconstitutional conduct about which he complains. *See Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (holding that a district court properly dismisses defendant where a prisoner, other than naming the defendant in the caption, states no allegations that connect the defendant with the alleged constitutional violation); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Plaintiff makes no allegation of constitutional violations against Defendants Cousin, Jones, Carter, and Lightening—despite the specific directives in the court's November 6, 2020, order— nor does he indicate these individuals were personally involved in the constitutional violations about which he complains, his amended complaint against these defendants is subject to dismissal under 28 U.S.C. § 1915A(b)(1).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's amended complaint (Doc. 2 – Civil Action No. 2:20-CV-850-RAH-CSC) against Defendants Cousin, Jones, Carter, and Lightening be DISMISSED without prejudice under 28 U.S.C. § 1915A(b)(1);

2. Defendants Cousin, Jones, Carter, and Lightening be TERMINATED as parties to the amended complaint;

3. This case be referred to the undersigned for further proceedings against the remaining Defendant.

**On or before January 25, 2021**, Plaintiff may file an objection to the Recommendation. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which he objects. Plaintiff is advised that frivolous,

conclusive, or general objections will not be considered.  This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 11th day of January 2021.

    /s/   Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE